IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GEORGE W. DEVEREAUX                                             PETITIONER

VS.                                                CIVIL ACTION NO. 2:11CV00078-GHD-JMV

STATE OF MISSISSIPPI, ET AL.                                 RESPONDENTS

## REPORT AND RECOMMENDATION

This matter is before the court on the motion (# 14) of the respondents for dismissal. The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation.

George W. Devereaux was convicted of burglary of a building other than a dwelling, Count 3, and grand larceny, Count 4, in the Circuit Court of Tate County, Mississippi on April 13, 2010. Devereaux was sentenced as an habitual offender pursuant to Mississippi Code Section 99-19-81 to serve a term of seven years for Count 3 and a consecutive term of ten years for Count 4, both to be served without the opportunity for parole. Thereafter, Devereaux appealed his convictions and sentences to the Mississippi Supreme Court. On May 31, 2011, the Mississippi Court of Appeals entered its opinion reversing Devereaux's convictions and sentences and remanding the case to the Tate County Circuit Court for a new trial. The State filed a motion for rehearing of the Court of Appeals' decision, and that motion was denied by Order filed September 20, 2011. However, the State requested and was granted additional time to seek certiorari review of the Court of Appeals' decision. Devereaux's direct appeal is still pending before the State's highest court.[1]

---

[1] The court may take judicial notice of public court records and information related to the Petition that are not in dispute. *See Bauer v. Texas*, 341 F.3d 352, 362 n. 8 (5th Cir. 2003).

In his Amended Petition (# 9), Devereaux states that he "won" his appeal but is still being held in prison. He further states that the "state [sic] has no evidence for another trial" because he is "innocent." Additionally, Devereaux mentions an "illegal conviction" from Desoto County and refers to his original Petition (# 1) filed with this court. In his original Petition, Devereaux describes convictions from Desoto County in 1994 and 1995 which were based on his guilty pleas. He claims that the 1995 conviction violated the Double Jeopardy Clause, among other things, because he had already pled guilty to the same charges in Justice Court in 1994. Devereaux argues that the Tate County Circuit Court based its habitual offender finding on the 1995 conviction and violated his constitutional rights by denying his motion to obtain records related to the 1994 and 1995 convictions.

Respondents argue that the instant petition should be dismissed because it is premature. The court agrees. Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett,* 61 F.3d 410, 414 (5th Cir.1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman,* 454 F.3d 484, 490-91 (5th Cir.2006) (quoting *Anderson v. Johnson,* 338 F.3d 382, 386 (5th Cir.2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the

rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell,* 264 F.3d 521, 526 (5th Cir.2001).

In this case, Devereaux's direct appeal is still pending before the State's highest court. Devereaux does not dispute this and makes no other argument which warrants habeas relief. Therefore, it is recommended that the instant petition be dismissed without prejudice as premature.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 12th day of January, 2012.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE